UNITED STATES of America, Appellee,

v.

**Benjamin Franklin BENNETT, Appellant.**

**No. 80–1110.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1980.

Decided June 9, 1980.

R. B. Laster and Thomas M. Carpenter, Little Rock, Ark., filed brief for appellant.

George W. Proctor, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Benjamin Franklin Bennett was convicted on three counts of a five-count indictment alleging violations of 18 U.S.C. § 1955. Those three counts charged Bennett and several other persons with operating an illegal gambling business with gross revenue of more than $2,000. Each count alleged a single day's gambling and together they concerned September 5, 10 and 12, 1975. Bennett received a $1,000 fine and a concurrent one-year sentence for each of two counts, and a $1,000 fine and five years probation on a third. The five years probation was to begin upon Bennett's release from prison. Bennett appealed on the sole ground that the government had not shown that the requisite five persons were involved in the operation, and we upheld the convictions. *United States v. Bennett*, 563 F.2d 879 (8th Cir. 1977). Bennett served his sentence of imprisonment, paid his fine and is now on probation. On January 2, 1980, Bennett filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 35 and he now appeals from the district court's denial of that motion. Bennett contends that because he operated only one illegal gambling business, he was wrongfully sentenced on the three counts.

Eighteen U.S.C. § 1955 provides:

(a) Whoever conducts * * * an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

(b) As used in this section—

(1) "illegal gambling business" means a gambling business which—

* * * * * *

(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

(iii) has been or remains in substantially continuous operation for a period in excess of thirty days *or has a gross revenue of $2,000 in any single day.* [Emphasis supplied.]

Bennett argues that Congress, in establishing the $2,000 minimum revenue necessary to make the conduct a federal crime, did not thereby establish a separate offense for each day that $2,000 of business is done. We agree.

It is undisputed that Bennett and the others conducted illegal crap games on the nights of September 5, 10 and 12. It is also undisputed that these crap games were all part of a single gambling business. The district court stated that "there indeed was a regularity in the personnel and place of the illegal activity." It concluded, however, that "under the terms of the statute, each of the games in question was on a different date and constituted a separate offense for which separate sentences were appropriate."

This was in error. In *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), the defendant was charged in a single-count indictment for violating 18 U.S.C. § 1955 by his involvement in horse and numbers betting. The trial court struck all evidence on the numbers betting charges, believing that activity to be legal under state law, and then entered a judgment of acquittal because there was insufficient evidence linking the defendant to the horse betting activity. The Supreme Court held that a retrial on the numbers theory would constitute double jeopardy, stating:

"The Double Jeopardy Clause is not such a fragile guarantee that * * * its limitations [can be avoided] by the simple expedient of dividing a single crime into a series of temporal or spatial units," *Brown v. Ohio*, 432 U.S., [166] at 169, [97 S.Ct. 2221, 2227, 53 L.Ed.2d 187] or, as we hold today, into "discrete bases of liability" not defined as such by the legislature.

*Id.* at 74, 98 S.Ct. at 2183 (footnote omitted).

The Court also noted:

If two *different* gambling businesses were alleged and proven, separate convictions and punishments would be proper. See *American Tobacco Co. v. United States*, 328 U.S. 781, 787–788 [66 S.Ct. 1125, 1128, 90 L.Ed. 1575] (1946) (holding *Braverman* inapplicable where two distinct conspiracies alleged). It is not always easy to ascertain whether one or more gambling businesses have been proven under § 1955. See, *e. g., United States v. DiMuro*, 540 F.2d [503], at 508–509; *United States v. Bobo*, 477 F.2d 974, 988 (CA4 1973). No such difficulties are presented here because both sides agree that only a single gambling business existed.

*Id.* at 74 n. 33, 98 S.Ct. at 2184 (emphasis included).

Again, there is no contention here that more than one business existed. The gambling occurred on three nights during the week of September 5–12, at the Spring Lake Club outside Little Rock. With one exception, all persons named in the three counts on which Bennett was convicted were the same. In view of the district court's acknowledgment of the regularity of personnel and location and the government's failure to dispute that acknowledgment, it is clear that only one business existed for which only one punishment is proper. We therefore reverse and remand the case for resentencing.