# UNITED STATES of America

v.

## Albert Reginald WALKER a/k/a Skeets, a/k/a Captain Al.

### Crim. No. 81–253–1.

United States District Court, E. D. Pennsylvania.

Oct. 6, 1981.

Judy L. Goldstein, Asst. U.S. Atty., Philadelphia, Pa., for petitioner.

Stuart T. Shmookler, Allentown, Pa., for defendant.

## BENCH OPINION

TROUTMAN, District Judge.

This brings the Court to the defendant's motion to compel the United States to elect as between Counts II and III of the indictment. Count II charges that on or about March 10, 1981, at Bethlehem, Pennsylvania, the defendant knowingly and intentionally and unlawfully did distribute a quantity of heroin, a Schedule I narcotic controlled substance, and Count III, in a similar manner, charges that on or about March 10, 1981, at Bethlehem, in the Eastern District of Pennsylvania, the defendant knowingly and intentionally distributed a quantity of heroin.

Thus, in this three-count indictment, the defendant is charged with conspiracy to distribute heroin in violation of 21 U.S.C. Section 846, and two counts of distribution in violation of 21 U.S.C. Section 841 (a)(1). Thus, currently before the Court, and filed yesterday after the case had been called for trial, is "Defendant's Motion to Compel the Government to Elect to Proceed as Between Counts II and III of the Indictment" in which the defendant assumes that the two separate distribution counts charge, in reality, a single transactional sale of heroin. Problems of multiplicity, commonly described as "the charging of a single offense in more than one count," see *United States v. Israelski*, 597 F.2d 22, 24 (2nd Cir. 1979), are "difficult questions" not subject to facile resolution. See *United States v. DeStefano*, 429 F.2d 344 (2nd Cir. 1970).

In the case at bar, the defendant contends that both Counts II and III are "identical". Count II, the defendant alleges, charges him with selling heroin to a Drug Enforcement Agency officer, during which time cash was exchanged for drugs. Thereafter, the defendant left the area. The facts purportedly underlying Count III are that a few minutes later, the defendant returned to the same location and handed an additional package of heroin to the same agent, although no money changed hands.

The defendant asserts that these proffered facts compel the legal conclusion that there is only one heroin transaction for which the defendant may properly be tried. However, the indictment, on its face, contains no indication of the facts as related by defendant's motion. We, of course, cannot assume defendant's critical facts and permissibly draw legal inferences therefrom. In this connection, the Supreme Court has observed:

"Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts."

See *United States v. Universal C.I.T. Credit Corporation*, 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952). Courts which require a pre-trial governmental election do so in order to promote order and efficiency at trial and to avoid the risk that the "prolix of pleading may have some psychological effect upon a jury by suggesting to it that the defendant has committed not one but several crimes." See *United States v. Ketchum*, 320 F.2d 3, 8 (2nd Cir. 1963), quoting from *United States v. Mamber*, 127 F.Supp. 925, 927 (D. Mass. 1955). However, where such an election is ordered, the Court must make an initial finding that there is enough evidence for a jury to conclude that the defendant has committed at least one crime. Such a finding requires, for example, a factual basis for determining the amount of time between the two transactions, and whether any conversations between the parties evidence an understanding on their part that the "second transaction" was part of, or separate from, the first one. We are unable to make this

determination on the record currently before us. Hence we conclude that the motion is properly made at the close of the government's case or at the close of the entire case. See Federal Rule of Criminal Procedure 29.

Recent cases discussing the multiplicity doctrine, all of course in a post-trial setting, concur with this conclusion. See *United States v. Naftalin*, 606 F.2d 809, 810 (8th Cir. 1979), which has held that multiple sales of stock linked by a "common thread of fraud" could sustain multiple convictions. In *United States v. Bennett*, 623 F.2d 52 (8th Cir. 1980), the facts adduced at trial compelled the conclusion that the defendant was wrongly convicted on multiple counts for operating an illegal gambling business where the proof indicated that illegal crap games on three separate nights were all part of the same gambling business. Finally, *United States v. Horton*, 601 F.2d 319 (7th Cir. 1979), *cert. denied*, 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 197 (1980) held that the evidence of two packages of cocaine sold contemporaneously by the defendant was insufficient to support separate convictions, 21 U.S.C. Section 841(a)(1). See also *United States v. Lewis*, 621 F.2d 1382 (5th Cir. 1980), *cert. denied*, (1981).

▮ Only where it is clear from the face of the indictment that the government seeks multiple convictions for a single act is a motion to dismiss the multiple counts, or to force an election, properly granted. See *Gebhard v. United States*, 422 F.2d 281, 289–90 (9th Cir. 1970).

Accordingly, we will deny the defendant's motion to compel and do it without prejudice.