UNITED STATES of America, Appellee,

v.

John STANFA, Appellant.

No. 81–1819.

United States Court of Appeals,
Third Circuit.

Argued June 15, 1982.
Decided Aug. 2, 1982.

Alexander Zdrok (argued), Robert P. Daniels, P. C., Philadelphia, Pa., for Stanfa.

Peter F. Vaira, Jr., U. S. Atty., Philadelphia, Pa., William G. Otis, Sp. Asst. U. S. Atty. (argued), Alexandria, Va., Joel M. Friedman, Albert J. Wicks, Sp. Attys., Dept. of Justice, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge and ALDISERT and ROSENN, Circuit Judges.

### OPINION OF THE COURT

SEITZ, Chief Judge.

John Stanfa appeals from a judgment of conviction and sentence. This court has jurisdiction under 28 U.S.C. § 1291 (1976).

#### I.

On March 21, 1980, Angelo Bruno was shot to death while a passenger in a vehicle owned and driven by Stanfa. Stanfa, who was wounded during the incident, twice appeared before a federal grand jury investigating Bruno's murder. At his second appearance, on April 21, 1980, Stanfa was asked two questions that he did not truthfully answer.

One month later, an indictment charging Stanfa with two counts of making false declarations before a grand jury was returned and filed. *See* 18 U.S.C. § 1623(a) (1976). The first count alleged that on April 21, 1980, Stanfa:

> appeared as a witness before the aforesaid Grand Jury, and then and there being under oath . . . did knowingly declare with respect to a material matter as follows:
>
> Q. Have you ever traveled with Mr. Sindone or Mr. Simone to New York City?
>
> A. No.
>
> WHEREAS, in truth and fact, as JOHN STANFA then well knew, he had, on March 27, 1980, traveled to New York with Frank Sindone and John Simone. . . .

The second count alleged that Stanfa:

> appeared as a witness before the aforesaid Grand Jury, and then and there being under oath . . . did knowingly declare with respect to material matters as follows:
>
> Q. Did you ever go out of town with Mr. Sindone?
>
> A. I don't remember.
>
> WHEREAS, in truth and fact as JOHN STANFA . . . then well knew and remembered, he (JOHN STANFA) had gone to Newark, New Jersey with Frank Sindone; and (2) thereafter on March 27, 1980, he (JOHN STANFA) had gone to New York City, New York with Frank Sindone; and (3) on March 28, 1980, he (JOHN STANFA) continued to be in New York City with Frank Sindone.

The jury found Stanfa guilty of both counts. The district court sentenced him to five years imprisonment on the first count, and three years imprisonment on the second count, to be served consecutively. Stanfa appeals.

#### II.

Stanfa urges that one of the two counts of the indictment should have been dismissed for multiplicity. Multiplicity is the charging of the same offense in two or

more counts of an indictment or information. *See United States v. Starks*, 515 F.2d 112, 116 n.5 (3d Cir. 1975) (dictum), *modified on other grounds sub nom. Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *Accord, United States v. Thompson*, 624 F.2d 740, 742 (5th Cir. 1980). This court has explained that a multiplicious indictment "may lead to multiple sentences for a single violation." *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978). Multiple sentences for a single violation are prohibited by the Double Jeopardy Clause. *See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 168–73, 21 L.Ed. 872 (1873).

In determining whether counts of an indictment are separate and not multiplicious, this court has stated that:

> The basic inquiry ... is whether proof of one offense charged requires an additional fact that proof of the other offense does not necessitate.... Also of central importance is whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts.

*Carter*, 576 F.2d at 1064. *See Kistner v. United States*, 332 F.2d 978, 980 (8th Cir. 1964) (test for multiplicity same as test for whether offenses are separate for double jeopardy purposes). In practice, however, we have usually found the second *Carter* inquiry to be determinative of the multiplicity question. For example, in *Carter*, we upheld two convictions under 21 U.S.C. § 841(a)(1), which prohibits "any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." One conviction was for possessing with intent to distribute 95 grams of heroin; the other was for distributing 677 grams of heroin. We held that Congress intended "that two distinct offenses ... should be seen to arise when the evidence shows ... that the acts of possession and distribution involved discrete quantities of narcotics, and thus that the facts required to prove the two offenses

differ." *Id.* We have followed a similar analytical method in our other recent multiplicity cases. *E.g., United States v. Marino*, 682 F.2d 449, 453–455 (3d Cir. 1982) (after analysis of statutory language, legislative history, and general statutory scheme, held that simultaneous possession of multiple firearms constitutes a single offense under 18 U.S.C.App. § 1202(a)); *United States v. Garber*, 626 F.2d 1144, 1152–53 (3d Cir. 1980) (theft of goods from an interstate shipment and possession of the same goods constitute a single offense under 18 U.S.C. § 659), *cert. denied*, 449 U.S. 1079, 101 S.Ct. 860, 66 L.Ed.2d 802 (1981). *See also United States v. Oxford Royal Mushroom Products*, 487 F.Supp. 852, 856 (E.D.Pa.1980) (each day's discharge from a point source was intended to be a separate violation of 33 U.S.C. § 1319(c)).

The inquiry in this case necessitates an examination of the false declarations statute, 18 U.S.C. § 1623 (1976). In relevant part, it provides that:

> Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1623(a). The language of section 1623 is straightforward and does not admit of limitation; it prohibits *any* false material declaration.

It would be consistent with this clear statutory language to allow separate prosecutions of any two false declarations that were sufficiently different that each false declaration could mislead the grand jury in some material respect that the other false declaration could not. *See Gebhard v. United States*, 422 F.2d 281, 289 (9th Cir. 1970) ("If [defendant] in fact told separate lies, each of which could have hindered the grand jury in its investigation, then he could properly be separately charged for each lie."). Under this rule, which we adopt, each of Stanfa's false declarations was a separate offense. Stanfa's first false

declaration misled the grand jury as to whether Stanfa had been to New York City with Simone, something the second false declaration did not do. Stanfa's second false declaration misled the grand jury as to whether Stanfa had been to Newark with Sindone, something the first false declaration did not do. Stanfa does not challenge the fact that each of these false declarations was material.

■ Stanfa argues that the two counts are multiplicious because they were both proved by evidence of his one trip to Newark and New York with Simone and Sindone, and thus that "proof of one offense charged [does not require] an additional fact that proof of the other offense does not necessitate." *Carter*, 576 F.2d at 1064. *Accord, United States v. Reed*, 639 F.2d 896, 905 (2d Cir. 1981); *DeMier v. United States*, 616 F.2d 366, 370 (8th Cir. 1980). We think that Stanfa's argument fails because it involves a misreading of the *Carter* test: two counts are not multiplicious simply because the same evidence that proves one also proves the second. *See Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980) (double jeopardy context). Rather, two counts are multiplicious if the evidence shows that exactly the same facts that would make out one violation also would make out the other. *See United States v. Noble*, 155 F.2d 315, 318 (3d Cir. 1946).

The indictment on its face is ambiguous as to whether the counts are multiplicious, because the Government could have proved that Stanfa lied twice simply by showing that he went to New York with Sindone, in which case the proof as to two separate violations would have failed. *See Gebhard v. United States*, 422 F.2d at 289–90. The ambiguity is not fatal, however.

It would have been proper for the district court to rule that it would await the close of the Government's case before deciding whether to force the Government to elect between counts if there was a failure of proof of separate offenses. *See United States v. Universal C. I. T. Credit Corp.*, 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952) (dictum) (whether conduct is "a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts"); *United States v. Davis*, 484 F.Supp. 26, 27–28 (E.D.Mich.1979). Had Stanfa requested a jury instruction explaining that the jury could not convict him of both counts unless it found beyond a reasonable doubt that he went to New York City with Simone and that he went to Newark with Sindone, the district court would have been required to honor the substance of the request. But Stanfa did not request it, and Stanfa may not now object to the failure to give such an instruction. *See* Fed.R.Crim.P. 30. Nor is the failure to give such an instruction plain error. *See* Fed.R.Crim.P. 52(b). We conclude that the Government proved the facts necessary to support two violations of the false declarations statute.[1]

We do not view the rule that we adopt, nor its application, as inconsistent with *Gebhard v. United States*, in which the United States Court of Appeals for the Ninth Circuit stated the following principle:

> [W]e do not think it proper that the government bludgeon a witness who is lying by repeating and rephrasing the same question, thus creating more possible perjury counts.
>
> . . . .
>
> ... Otherwise a prosecutor could run up a possible perjury sentence indefinitely merely be repeating the same question. Single punishment for a single lie should suffice.

422 F.2d at 289–90.[2] We think the focus of the *Gebhard* court's concern was on govern-

---

1. Indeed, in the face of the Government's overwhelming evidence, Stanfa did not attempt to show at trial that he did not go to Newark and New York City with Sindone and Simone. Rather, his defense was two-fold: (1) that he did not understand the questions asked of him, and (2) that he answered them under duress. *See* T. Tr. 5–46—5–50.

2. *Accord, United States v. De La Torre*, 634 F.2d 792, 795 (5th Cir. 1981); *In re Poutre*, 602 F.2d 1004, 1006 (1st Cir. 1979); *United States*

mental abuse of the grand jury process, *see In re Poutre*, 602 F.2d 1004, 1006 (1st Cir. 1979), a concern that is not present in the instant case. The district court found that, "the prosecutor was not trying to trip the defendant up or cause him to lie about the same matter twice." This finding is not clearly erroneous. Thus *Gebhard* is not applicable to this case.

Thus, we conclude that the two counts of the indictment were not multiplicious.

## III.

 Stanfa raises four additional arguments. We think they are meritless. First, he argues that the Government persisted in questioning him after he had raised his fifth amendment privilege against self-incrimination. The district court found, however, that he had not raised that privilege in regard to the line of questioning the Government pursued. We cannot say the district court's finding is clearly erroneous.

Second, Stanfa argues that the Government did not prove his false declarations in the manner provided by 18 U.S.C. § 1623(c), which he argues is the exclusive method of proving a violation of section 1623(a). We think, however, that it is clear that section 1623(c) is not the exclusive method of proof. *See United States v. Lee*, 509 F.2d 645, 646 (2d Cir.) (per curiam), *cert. denied*, 422 U.S. 1044, 95 S.Ct. 2645, 45 L.Ed.2d 696 (1975).

Third, Stanfa argues that the district court abused its discretion in refusing to allow him to introduce evidence of the gangland-style slayings of Simone, Sindone, and a third person, Antonio Caponigro, which evidence was offered to support Stanfa's contention that he testified under duress. The slayings of Sindone and Simone occurred months after Stanfa's grand jury testimony. Although Caponigro was murdered three days before Stanfa's grand jury testimony, the body was not identified until some days after Stanfa's testimony.

The district court rejected evidence of the three slayings under Federal Rule of Evidence 403, which allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." The district court held that the evidence of the slayings was of little, if any, relevance to Stanfa's state of mind at the time of his testimony, because Stanfa had not yet learned of the slayings. The court also held that, assuming its relevance, the danger of unfair prejudice substantially outweighed its probative value.

We agree with Stanfa that the proffered evidence, at least with the proper foundation, would be probative of whether he *reasonably* feared immediate serious bodily injury or death, one of the elements necessary for a duress defense. *See United States v. Housand*, 550 F.2d 818, 824–25 (2d Cir.), *cert. denied*, 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977); *United States v. Nickels*, 502 F.2d 1173, 1177 (7th Cir. 1974), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2237, 48 L.Ed.2d 837 (1975). As the district court indicated, however, that evidence would not be probative of whether he feared for his life at the time of his testimony. Since Stanfa proffered no evidence that would show any reason for such a fear at that time, we believe the district court did not abuse its discretion in refusing to admit evidence of the slayings.

Fourth, Stanfa argues that the district court erred in refusing to instruct the jury on the defense of duress. We cannot say, however, that on the record before the district court it was error to refuse to instruct the jury on that defense.

## IV.

We will affirm the judgment of the district court.

*v. Williams*, 552 F.2d 226, 228 (8th Cir. 1977); *United States v. Doulin*, 538 F.2d 466, 471 (2d Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976); *United States v. Lazaros*, 480 F.2d 174, 179 (6th Cir. 1973), *cert. denied*, 415 U.S. 914, 94 S.Ct. 1409, 39 L.Ed.2d 468 (1974); *United States v. Walker*, 524 F.Supp. 1029, 1031 (E.D.Pa.1981).