**UNITED STATES of America,**

v.

**Gerasimos VINIERIS, a/k/a "Mike Vinieris" a/k/a "Captain Mike", Defendant.**

**No. 83 Cr. 0566 (KTD).**

United States District Court,
S.D. New York.

June 27, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the U.S.; Robert Garcia, Asst. U.S. Atty., New York City, of counsel.

Schulman & Laifer, Brooklyn, N.Y., for defendant; Barry Schulman, Brooklyn, N.Y., of counsel.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendant Gerasimos Vinieris has brought this omnibus motion seeking several forms of relief. For the reasons that follow, defendant's motion is granted in part and denied in part.

The twenty-four count indictment charges Vinieris with perjury before a grand jury investigating the $11 million theft at the Sentry Armored Courier Corporation ("Sentry") in the Bronx, New York (Counts One to Twenty-one), obstruction of justice (Count Twenty-two), and transportation in interstate commerce of over $5,000 stolen from Sentry (Counts Twenty-three and Twenty-four).

On July 6, 1983, the defendant was subpoenaed before the grand jury, but refused to testify on Fifth Amendment grounds. On July 13, 1983, Judge Abraham D. Sofaer entered an order pursuant to 18 U.S.C. § 6002, granting defendant use immunity before the grand jury. Count One is based on statements made by the defendant before the immunity order became effective. Counts Two through Twenty-one are all based on allegedly false declarations made by the defendant after the order became effective. Defendant moves for discovery, dismissal of the indictment, and suppression of various evidence. I will turn to each form of requested relief *seriatum*.

#### 1. *Discovery*

Defendant has moved for an extensive array of discovery, using boiler-plate language not necessarily relevant to the instant indictment. The government apparently has provided some discovery items including grand jury transcripts of defendant's and his attorney's grand jury appearances. In response to defendant's request, the government contends that the motion should be denied in full because of defendant's counsel's failure to comply with "local Rule 3(e), and to confer in order to resolve any discovery issues by agreement without the intervention of the Court." Memorandum of Law at 4. Southern District Local Criminal Rule 3 provides that attorneys must attempt to resolve discovery disputes before seeking intervention of the court. Defense counsel appears to have made some effort at discovery dispute resolution, which is mentioned in his affidavit. Therefore, the government is directed to fully

comply with its discovery disclosure duties under Fed.R.Crim.Proc. 16 by disclosing any statements of the defendant, his prior record, permitting inspection of any documents or tangible objects which "are material to the preparation of his defense or intended for use by the government as evidence achieved at the trial," and permitting inspection of reports of examinations and tests.

### 2. Bill of Particulars

■ Defendant has requested a bill of particulars with respect to the charges against him. Under the circumstances, it is apparent that the indictment and accompanying papers submitted on this motion sufficiently particularize the charges against Mr. Vinieris to permit him to develop a defense and to ascertain the charges against him. Accordingly, defendant's motion for a bill of particulars is denied.

### 3. Production of Brady Material

■ In addition to his requests for discovery and a bill of particulars, defendant also seeks the production of all *Brady* material in the government's possession. The government's obligation to search for *Brady* material and to turn it over at the appropriate time is the sole responsibility of the prosecutor. Whether the government fulfills this responsibility is a matter that I can determine only after trial. *See United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

### 4. Disclosure of Informant's Identity

■ Under certain circumstances the identity of a government witness may be disclosed to the defense prior to trial. *See Roviaro v. United States*, 353 U.S. 53, 60–62, 77 S.Ct. 623, 627–628, 1 L.Ed.2d 639 (1957); *United States v. Cannone*, 528 F.2d 296, 300–01 (2d Cir.1975). The determination of whether such disclosure should be made depends upon the careful "balancing of the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders the nondisclosure

erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informers' testimony, and all other relevant factors." *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 629. Defendant, however, has made virtually no showing that disclosure is appropriate in this case. As was stated in *Cannone*, "the defense [has] made only an abstract, conclusory claim that such disclosure was necessary to its proper preparation for trial." 528 F.2d at 301–02. In the absence of a more specific showing, defendant's request must be denied.

### 5. Dismissal of the Indictment for Violation of the Immunity Order

■ Defendant contends that because the same grand jury that heard his immunized testimony also brought this indictment, the indictment must be dismissed. In support he cites *United States v. Hinton*, 543 F.2d 1002 (2d Cir.1976), in which the Second Circuit stated "[w]e believe that as a matter of fundamental fairness, a government practice of using the same grand jury that heard the immunized testimony of a witness to indict him after he testifies, charging him with criminal participation in the matters being studied by the grand jury, cannot be countenanced." 543 F.2d at 1010; *see also* 18 U.S.C. § 6002.

Certain counts of the original indictment appear to run afoul of the *Hinton* rule. In any case, the government has consented to the dismissal without prejudice of Counts One, and Twenty-two through Twenty-four. The remaining counts in the indictment, Counts Two through Twenty-one, charge the defendant with perjury arising out of his immunized grand jury testimony. The same grand jury which heard the defendant's immunized testimony may properly indict him for perjurious statements made during his immunized appearances. *See United States v. Anzalone*, 555 F.2d 317, 319–20 (2d Cir.1977) ("false testimony given under use immunity may nevertheless become a predicate for a perjury or false declaration charge [returned by the investi-

gating grand jury]"), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 760 (1977). Accordingly, except for the counts that the government has consented to dismiss, defendant's motion to dismiss the indictment for violation of the *Hinton* rule is denied.

### 6. *Count Severance*

Defendant's motion sought severance of all counts not arising out of his immunized testimony. Because the government has consented to the dismissal of these counts, this aspect of defendant's motion is moot.

### 7. *Dismissal of Multiplicitous Counts*

■■■■■ The defendant asserts that Counts Two through Twenty-one are multiplicitous perjury counts which all grow out of a single transaction. According to defendant, each allegedly perjurious statement stems from the question whether Vinieris knew or was aware that funds placed in his custody were from the Sentry robbery. The test of whether counts are multiplicitous, however, is not whether they arise out of a single transaction. "[C]ounts are multiplicitous if the evidence shows that exactly the same facts that would make out one violation would also make out the other." *United States v. Stanfa,* 685 F.2d 85, 88 (3rd Cir.1982). Separate false declarations may constitute separate perjury counts. *See Gebhard v. United States,* 422 F.2d 281, 289 (9th Cir.1970) ("If [the defendant] in fact told separate lies, each of which could have hindered the grand jury in its investigation, then he could properly be separately charged for each lie."). Until the government actually submits evidence in support of the indictment, however, it is impossible to determine whether proof of the same facts will prove each of the counts. Accordingly, defendant's motion to dismiss the indictment counts that are multiplicitous is denied without prejudice to renewal at trial. *See, e.g., United States v. Stanfa,* 685 F.2d at 88 ("It would have been proper for the district court to rule that it would await the close of the government's case before deciding whether to force the government to elect between counts if there was a barrier of proof of separate offenses."); *see also*

*United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952).

### 8. *Target Warnings*

■■■■■ Defendant next asserts that the government's failure to tell Mr. Vinieris that he was a target of the grand jury investigation necessitates dismissal of the indictment. Such a warning, however, is not constitutionally mandated. *See United States v. Washington,* 431 U.S. 181, 189, 97 S.Ct. 1814, 1819, 52 L.Ed.2d 238 (1977) ("Because target witness status neither enlarges nor diminishes the constitutional protection against compelled self-incrimination, potential-defendant warnings add nothing of value to protection of Fifth Amendment rights."); *see also United States v. Jacobs,* 547 F.2d 772, 773–75 (2d Cir.1976), *cert. dismissed as improvidently granted,* 436 U.S. 31, 98 S.Ct. 1873, 56 L.Ed.2d 53 (1978). In this case, defendant was advised that he could seek independent legal advice as frequently as he chose, and in fact legal counsel accompanied him to each grand jury appearance. In addition, defendant was clearly advised of his right to remain silent, to seek a grant of immunity, and of his privilege against self-incrimination. Under the circumstances, nothing more was required by the prosecutor. Accordingly, this aspect of defendant's motion is denied.

### 9. *Sixth Amendment Right to Counsel*

■■■■ Citing *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), defendant contends that his Sixth Amendment right to counsel was violated by the government's use of two alleged government agents who interrogated defendant without his counsel present. Defendant's Sixth Amendment right to counsel, however, attaches only at "a critical stage of the prosecution." *Simmons v. United States,* 390 U.S. 377, 382, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247 (1968). The return of the indictment or defendant's arraignment mark critical stages. *See Brewer v. Williams,* 430 U.S. 387, 398–99, 97

S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977). The defendant's meeting with the two alleged government informants took place before the indictment or any other possible "critical stage." Accordingly, there cannot have been any violation of the *Massiah* rule.

#### 10. *Prosecutorial Misconduct*

The defendant contends that the prosecutor's conduct during the grand jury proceedings was so "harsh" that it warrants dismissal of the indictment. The government has submitted a copy of the complete transcript of the grand jury proceedings involving the defendant. An examination of the entire transcript demonstrates that this aspect of the defendant's motion is patently frivolous.

#### 11. *Statements in Violation of Miranda*

■ In three vague sentences, the defendant contends that his *Miranda* rights were violated. These wholly conclusory and hearsay statements by defendant's counsel, unsupported by any specific facts or based on his personal knowledge are insufficient as a matter of law to require a hearing. *See United States v. Evans*, 572 F.2d 455, 486 (5th Cir.1978) ("The burden is on the movant to make specific factual allegations of illegality, to produce evidence, and to persuade the court that the evidence should be suppressed."), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). In the absence of specific allegations concerning violations of defendant's *Miranda* rights, this aspect of defendant's motion is denied.

#### 12. *Identification Suppression*

■ The defendant moves to suppress an allegedly improper identification on the ground that the procedures followed were unnecessarily suggestive. *See Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The government, however, has stated that "it does not intend to introduce any identification testimony from this witness." Government's Memorandum of Law at 25. In addition, the government states that if it decides subsequently to offer any identification testimony from this witness, it will notify the defendant. *Id.* at n. *. Under the circumstances, there is no need for a hearing on this issue, but rather, a short *voir dire* will be permitted outside the hearing of the jury prior to any formal identification of the defendant by this witness. *See Watkins v. Sowders*, 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981). Discovery of identification procedures, photographs, and documentation, is also thus unnecessary. Accordingly, this aspect of defendant's motion is denied without prejudice to renewal at a subsequent time.

#### 13. *Warrantless Search*

The defendant states in full with respect to this aspect of his motion:

> On June 10, 1983, the F.B.I. searched Mr. Vinieris' apartment in Hackensack, New Jersey without a warrant. Upon information and belief, no voluntary and knowing consent was given. It is requested that the fruits of that search be suppressed or in the alternative a hearing be held to determine the grounds for the search.

Schulman Affidavit at 29. In response, the government contends that the defendant has failed to proffer sufficient facts based upon personal knowledge which would establish any legitimate privacy interest or an illegal search and seizure. *See United States v. Diezel*, 608 F.2d 204, 207 (5th Cir.1979). Apparently, however, the Federal Bureau of Investigation did search an apartment in Hackensack, New Jersey, on June 10, 1983. Therefore, both the government and the defendant are ordered to provide affidavits based upon personal knowledge detailing the relevant facts concerning any such search that may have had occurred on or about that time within ten (10) days of the date of this decision.

#### 14. *Search of Defendant's Apartment*

The defendant bases his motion to suppress the fruits of a search of his apart-

**94**

ment on the asserted fact that the search warrant that was obtained was based on the fruits of the aforementioned warrantless search of his apartment. Because I am reserving decision on that aspect of defendant's motion until I receive additional submissions, I also reserve decision on this aspect of defendant's motion.

### 15. *Miscellaneous Requests*

 Defendant also makes several miscellaneous requests. First he contends that the indictment should be dismissed for abuse of the grand jury's subpoena power because subpoenas were issued for witnesses after the indictment was returned against Mr. Vinieris in this case. The only witnesses that the defendant refers to in his defense counsel's affidavit is Mr. and Mrs. Max Crawford. Both of these individuals, however, testified before the grand jury on August 31, 1983, and the indictment was filed on September 9, 1983. No other witnesses were subpoenaed or testified in the grand jury in connection with this case after that date. Accordingly, this portion of defendant's motion is denied.

Defendant seeks an extension of time in which to notify the government that he intends to introduce testimony relating to a defense concerning his mental condition. The government does not oppose this request; therefore, it is granted. Finally, the government has assented to defendant's request to renew portions of this motion upon a proper showing of good cause. *See* Fed.R.Crim.P. 12(f).

In sum, the following portions of defendant's motion are denied: (a) his request for a bill of particulars, (b) disclosure of witness identities, (c) dismissal of the indictment for violation of the *Hinton* rule, (d) severance of counts arising out of defendant's non-immunized testimony, (e) dismissal of multiplicitous counts (without prejudice), (f) dismissal of the indictment for failure to give target warnings, (g) suppression of statements obtained in violation of *Massiah* or *Miranda*, (h) dismissal of the indictment for prosecutorial misconduct, (i) suppression of identification (without prejudice), and (j) dismissal of the in-

dictment for abuse of the grand jury subpoena power. The following aspects of defendant's motion are granted: (a) dismissal without prejudice of Counts One, and Twenty-two through Twenty-four of the indictment, (b) an extension of time in which to file a notice of defense, and (c) the right to renew portions of his motion upon a showing of good cause. The government is ordered to comply with its Rule 16 and *Brady* obligations. Finally, I reserved decision on defendant's motion to suppress items seized from defendant's apartment during both a warrantless search, and a search conducted pursuant to a warrant, pending affidavit submissions within ten (10) days of the date of this decision.

SO ORDERED.