Carl J. LONDON, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 87–2068–CIV.
79–0165–CR.
Civ. A. No. 88–5807.

United States District Court,
S.D. Florida.

March 15, 1990.

**1478**

---

## ORDER REJECTING CLAIMS RAISED IN ADDENDUM TO PETITIONER'S § 2255 MOTION

JAMES LAWRENCE KING, Chief Judge.

This cause is before the court upon remand by the United States Court of Appeals for the Eleventh Circuit; the Eleventh Circuit ordered this court to consider the claims raised in the addendum to petitioner's Title 28 U.S.C. § 2255 motion. 896 F.2d 557.

Petitioner originally sought to vacate his sentence under 28 U.S.C. § 2255 on three grounds: mental incompetency at sentencing; ineffective assistance of counsel on direct appeal; and ineffective assistance of counsel at time of sentencing. On June 22, 1988, Magistrate Johnson issued her report and recommendation rejecting all claims. After the magistrate entered her report, petitioner moved for a 30–day extension so that he might file an addendum. The court granted this motion on July 29, 1988. Petitioner filed his addendum on August 1, 1988, in which he for the first time, asserted two additional claims: (1) that his sentence was disproportionately severe, in violation of the fifth and eight amendments; and (2) that his four perjury convictions were based on false responses to similar questions in violation of the Double Jeopardy Clause.

## DISCUSSION

### I. *Disproportionately Severe Sentence*

█ Petitioner's contention that his sentence was disproportionately severe is without merit. Petitioner was convicted on all four counts of perjury in violation of Title

18 U.S.C. § 1623, and on one count of conspiring/agreeing to conduct a racketeering enterprise in violation of Title 18 U.S.C. §§ 1961, 1962(d) and 1963.

As a general rule, "sentencing decisions are within the exclusive discretion of the trial court." *United States v. Miller*, 589 F.2d 1117, 1138 (1st Cir.1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979). However, "[t]here are two ... established exceptions to this rule, *where the trial court employs impermissible considerations in fixing sentence* ... and *where the trial court refuses to 'individualize' the sentence, basing it instead upon mechanistic application of rules unrelated to the defendant's character." Id.* (citations omitted) (emphasis added). The court imposed the maximum penalty of a $10,000 fine and five years imprisonment for the perjury convictions. *See* Title 18 U.S.C. § 1623. On the racketeering conviction, the court imposed the maximum $25,000 fine and eleven years (rather than the maximum twenty years) imprisonment. *See* Title 28 U.S.C. § 1963(a).

Although the penalty imposed upon petitioner was more severe than the penalties imposed on some of the other participants, the penalty was individualized. In imposing sentence the court followed the well-established rule that "it is proper—indeed, even necessary for the rational exercise of discretion—to consider the defendant's whole person and personality...." *United States v. Grayson*, 438 U.S. 41, 53, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582 (1978). Accordingly, the court considered the fact that petitioner was actively engaged in the drug trade while absent from his trial. The court also considered the fact that petitioner failed to appear for sentencing with his co-defendants; he was a fugitive until nearly three years after trial, when he was captured and returned for sentencing. Consequently, the court did in fact individualize petitioner's sentence, and did not abuse its discretion in imposing a more severe penalty on petitioner.

Neither can petitioner claim that the court employed impermissible considerations in fixing his sentence. The court

clearly stated in the record that petitioner "is not penalized for the fact that he declined the invitation to participate in the trial and left." Transcript of Sentencing Hearing at 48. Petitioner's sentence included neither a fine nor imprisonment for the other drug charges filed against him. *See id.* Consequently, the court did not employ impermissible considerations in fixing petitioner's sentence.

Finally, the court did not abuse its discretion by imposing a more severe penalty on petitioner. The court correctly considered petitioner's whole person and personalty in imposing sentence. *See United States v. Grayson, supra,* 438 U.S. at 53, 98 S.Ct. at 2617. The court imposed a sentence that falls within "the statutory limit and thus cannot be said to be excessive." *Tasby v. United States,* 504 F.2d 332, 337 (8th Cir. 1974), *cert. denied,* 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975). Furthermore "the imposition of consecutive sentences is within the power of the sentencing judge." *Id.* Therefore, petitioner's constitutional claim is without merit.

## II. *Double Jeopardy*

Petitioner contends that consecutive sentences for false statements to essentially the same questions violate the Double Jeopardy Clause. Petitioner was convicted on four counts of perjury before the Grand Jury in violation of Title 18 U.S.C. § 1623, and was sentenced to four consecutive five-year terms of incarceration. In essence, Petitioner urges that three of the four counts of perjury should have been dismissed for multiplicity. "Multiplicity is the charging of the same offense in two or more counts of an indictment or information." *United States v. Stanfa,* 685 F.2d 85 (3d Cir.1982). Such "multiple sentences for a single violation are prohibited by the Double Jeopardy Clause." *Id.* (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). Thus, "a single punishment for a single lie should suffice," *Gebhard v. United States,* 422 F.2d 281, 291 (9th Cir.1970), where a witness is prosecuted for lying in response to substantially the same question. However, in determining multiplicity, the inquiry is whether "the evidence shows that exactly the same facts that would make out one violation also would make out the other." *Stanfa, supra,* 685 F.2d at 88.

Applying the above rules to the facts here, petitioner's contention that the questions forming the basis of each count of his perjury conviction were essentially the same is without merit. A review of the record indicates that each count related to a separate and distinct area of questioning. The four counts referred respectively to: petitioner's trip to South America to pick up a load of marijuana; petitioner's knowledge of Robert Platshorn; petitioner's knowledge of George Purvis; and petitioner's knowledge of Raul Davila. The court finds that these questions are not essentially the same. They are separate and distinct, and a false response to each could carry separate perjury charges. *See Gebhard, supra,* 422 F.2d at 289 (separate lies that hindered grand jury in its investigation could each be separately charged).

Thus, after careful consideration of the entire record, the court finds that the evidence does not support the two claims raised in the addendum to petitioner's Title 28 U.S.C. § 2255 motion. Accordingly, the court

ORDERS and ADJUDGES that these claims be and the same are hereby DISMISSED.

DONE and ORDERED.