**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2759
_____

UNITED STATES OF AMERICA

v.

JUSTIN MICHAEL CREDICO,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:14-cr-0118-001)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted under Third Circuit LAR 34.1(a)
March 15, 2016

Before: FUENTES, CHAGARES, and RESTREPO, *Circuit Judges*

(Filed: April 6, 2016)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

In March 2014, a grand jury indicted Appellant, Justin Michael Credico, on two counts of threatening a federal agent, in violation of 18 U.S.C. § 115(a)(1)(B), and two counts of threatening a family member of a federal agent, in violation of 18 U.S.C. § 115(a)(1)(A).[1] Credico has filed a pro se interlocutory appeal of the District Court's July 2, 2015 Order denying his motion for reconsideration of the denial of his motion to dismiss the second through fourth counts of the indictment. We dismiss Credico's interlocutory appeal for lack of jurisdiction.

## 1. BACKGROUND

In December 2014, Credico filed in the District Court a pro se motion to dismiss the second through fourth counts of the four-count indictment. In support of his motion, he claimed that the government could not show that the elements of the crimes were met. Following the filing of the government's response to the motion, the Honorable Cynthia M. Rufe denied Credico's motion to dismiss by Order filed February 13, 2015.

---

[1] The statute provides, in relevant part: "Whoever -- (A) . . . threatens to assault, kidnap or murder a member of the immediate family of . . . a Federal law enforcement officer . . .; or (B) threatens to assault, kidnap, or murder, . . . a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such . . . law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such . . . law enforcement officer on account of the performance of official duties, shall be punished . . ." 18 U.S.C. § 115(a)(1)(A) & (B). Here, Count One of the Indictment charges Credico with threatening to assault and murder FBI Special Agent #1 in violation of § 115(a)(1)(B), Count Two charges him with threatening to assault the wife of FBI Special Agent #1 in violation of § 115(a)(1)(A), Count Three charges him with threatening to assault and murder FBI Special Agent #2 in violation of § 115(a)(1)(B), and Count Four charges him with threatening to assault the daughter of FBI Special Agent #2 in violation of § 115(a)(1)(A).

Credico then filed a pro se motion for reconsideration of the denial of his motion to dismiss. In support of his motion for reconsideration, he raised for the first time the claim that a trial on Counts Two through Four would violate his right to protection from double jeopardy on the basis that those counts were impermissibly multiplicitous.

A hearing was held on July 2, 2015, and by Order filed that same day Judge Rufe denied the motion for reconsideration. Judge Rufe concluded that Credico's claim was not a basis for reconsideration in that he did not raise his multiplicity challenge in support of his motion to dismiss and all of the facts necessary to bring the claim were known to him when he filed the motion to dismiss. Nevertheless, Judge Rufe found Credico's multiplicitous claim without merit since each count of the indictment required proof of a fact that the others did not: that a different person was threatened. The District Court also denied Credico's oral motion to file an interlocutory appeal from that ruling. Credico immediately appealed the denial of his multiplicity challenge to the indictment.[2]

The government responds that since Credico is appealing a pretrial order, this Court lacks jurisdiction over this interlocutory appeal. The government further argues that even if we had jurisdiction, an affirmance of the denial of the reconsideration motion would be warranted in that the District Court properly found that Credico was not entitled to reconsideration, and in any event, there was no violation of the rule against multiplicity.

---

[2] Shortly after filing his appeal, Credico submitted a petition for a writ of mandamus requesting that we direct the District Court to stay "any and all proceedings" until we resolve his double jeopardy claim in his separate appeal. We denied that petition. *See In re Credico*, No. 15-2659, 611 F. App'x 754 (3d Cir. Aug. 7, 2015) (per curiam).

3

## 2. DISCUSSION[3]

Credico claims that Counts Two through Four should be dismissed as impermissibly multiplicitous and may lead to multiple sentences for a single violation, which is prohibited by the Double Jeopardy Clause. *See United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992) (defining "multiplicitous indictment"). Thus, Credico argues that the District Court erred in denying his reconsideration motion.

The threshold question presented here is whether we have jurisdiction over Credico's appeal of the District Court's pretrial order rejecting his claim that the counts of the indictment with which he is being charged are impermissibly multiplicitous, in violation of the Double Jeopardy Clause of the Fifth Amendment. Concluding that we lack jurisdiction over Credico's appeal under the circumstances of this case, we dismiss the appeal.

Title 28 U.S.C. § 1291 grants the federal courts of appeals jurisdiction to review "all final decisions of the district courts," both civil and criminal. *Abney v. United States*, 431 U.S. 651, 657 (1977) (quoting § 1291). This "final judgment" rule ordinarily "prohibits appellate review until conviction and imposition of sentence" in a criminal case. *United States v. Wright*, 776 F.3d 134, 140 (3d Cir. 2015) (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (citations omitted)). Moreover, "[a]dherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Our review of the threshold question of whether we have jurisdiction is plenary. *United States v. Wright*, 776 F.3d 134, 139 (3d Cir. 2015) (citing *In re Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999)).

4

avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney*, 431 U.S. at 657 (quoting *DiBella v. United States*, 369 U.S. 121, 126 (1962)).

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the Supreme Court announced the collateral order exception to the "final judgment" rule. The collateral order doctrine permits appellate review of a "small class" of cases that "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546.

The Supreme Court in *Cohen* identified a three-pronged test which, when satisfied, "render[s] the District Court's order a 'final decision' within [§ 1291's] meaning." *Abney*, 431 U.S. at 658; *see Cohen*, 337 U.S. at 546; *Wright*, 776 F.3d at 143-44 (explaining the "three-pronged *Cohen* test"). Under the collateral order exception, a court of appeals may exercise immediate review over Orders that: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) are effectively unreviewable on appeal from a final judgment. *Wright*, 776 F.3d at 140 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (citations omitted)).

"Time and again, the Supreme Court has reiterated the limited nature of" the collateral order doctrine. *Wright*, 776 F.3d at 140. The Supreme Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until

5

final judgment has been entered." *Digital Equip. Corp. v. Desktop Direct Inc.*, 511 U.S. 863, 868 (1994) (citations omitted). Thus, the Supreme Court has emphasized the "modest scope" of the doctrine and pointed out that "although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 350 (2006). "This admonition holds special significance in criminal cases, where we must apply the collateral-order exception 'with the utmost strictness.'" *Wright*, 776 F.3d at 140 (citing *Flanagan*, 465 U.S. at 265). As we pointed out in *Wright* and *United States v. Wecht*, 537 F.3d 222 (3d Cir. 2008), "[s]uch appeals are thus permitted 'only in the most rare and exceptional circumstances.'" *Wright*, 776 F.3d at 140 (citing *Wecht*, 537 F.3d at 244-45).

In *Abney*, the Supreme Court acknowledged that "[t]he pretrial denial of a motion to dismiss an indictment on double jeopardy grounds is obviously not 'final' in the sense that it terminates the criminal proceedings in the district court." *Abney*, 431 U.S. at 657. However, after applying the three-pronged *Cohen* test, the Supreme Court in *Abney* stated: "We therefore hold that pretrial orders rejecting claims of **former** jeopardy, such as that presently before us, constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291." *Id.* at 662 (emph. added).

In support of this holding in *Abney*, the Supreme Court explained that the double jeopardy claim made in that case challenging a **retrial** on the indictment "contest[ed] the very authority of the Government to **hale [the petitioner] into court to face trial** on the charge against him." *Id.* at 660 (emph. added). The Supreme Court's conclusion was

6

"based on the special considerations permeating claims of that nature which justify a departure from the normal rule of finality." *Id.* at 663. Indeed, *Abney* clarified: "Quite obviously, such considerations do **not** extend **beyond** the claim of **former** jeopardy. . . Rather, such claims are appealable if, and only if, they too fall within *Cohen's* collateral-order exception to the final-judgment rule." *Id.* (emph. added).

Consistent with that principle, we explained in *Wright* that "seven of our sister courts of appeals have found that the **touchstone** for interlocutory jurisdiction is a **collateral-estoppel** claim that, if successful, would require dismissal of, at a minimum, an entire count." *Wright*, 776 F.3d at 141 (emph. added) (citing cases which each involved claims of former jeopardy).[4] Thus, these cases entailed the issue of former jeopardy or prior and successive criminal or civil proceedings. *See, e.g., Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir. 1999) (collateral estoppel requires, among other things, prior adjudication of an issue on its merits).

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be 'subject for the same offence to be twice put in jeopardy of life or limb.'" *Jones v. Thomas*, 491 U.S. 376, 380 (1989). The Clause affords three protections to a criminal defendant: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after

---

[4] In *Wright*, we cited the cases from our sister circuits in support of the proposition that interlocutory jurisdiction was dependent on whether the claim, if successful, would require dismissal of the indictment as a whole, or, at a minimum, dismissal of any single count. *Wright*, 776 F.3d at 141-42. However, we also noted that these cases involved collateral-estoppel claims. *Id.* at 141.

conviction; and (3) protection against "multiple punishments for the same offense" imposed in a single proceeding. *Id.* at 380-81 (citations omitted).

The Supreme Court in *Jones v. Thomas* pointed out that the first two protections afforded by the Double Jeopardy Clause, which are the most familiar, protect against a second prosecution for the same offense after either acquittal or conviction. *Id.* at 381. However, *Jones* involved a claim that a defendant's initial conviction and sentence for both felony murder and the underlying felony violated the third aspect of the Double Jeopardy Clause. *Id.* In addressing the constitutional question of "what remedy is required to cure the admitted violation," the Supreme Court observed that the "answer turns on the interest that the Double Jeopardy Clause seeks to protect." *Id.* In particular, the Court pointed out: "Our cases establish that in the multiple punishments context, that interest is 'limited to ensuring that the total punishment did not exceed that authorized by the legislature.'" *Id.* (citing *United States v. Halper*, 490 U.S. 435, 450 (1989)). The Supreme Court in *Jones* concluded that the state-court remedy **following** the convictions and sentences "**fully** vindicated [the defendant's] double jeopardy rights." *Id.* at 381-82 (emph. added).

In the appeal before us, Credico claims that he is being charged with a multiplicitous indictment. "A multiplicitous indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." *United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992) (citing *United States v. Stanfa*, 685 F.2d 85, 86-87 (3d Cir. 1982)). "The interest protected by the Double Jeopardy Clause in this multiple punishment context is

8

**confined** to 'ensuring that the total punishment did not exceed that authorized by the legislature.'" *Id.* (citing *Jones*, 491 U.S. at 381) (emph. added).

In *United States v. Decinces*, 808 F.3d 785 (9th Cir. 2015), our sister circuit was presented with an appeal of a pretrial Order where the appellant raised a double jeopardy claim premised on the theory that certain counts in the indictment were multiplicitous. As in the appeal before us, the appellant in *Decinces* argued that the Court of Appeals had jurisdiction of the interlocutory appeal under the collateral order doctrine. *Id.* at 793. The Ninth Circuit found that this "claim flounders on the third prong [of the *Cohen* test] – reviewability following judgment." *Id.* (citing *United States v. Tillman*, 756 F.3d 1144, 1149 (9th Cir. 2014)). The Court in *Decinces* explained that it was undisputed that the appellant was entitled to a direct appeal should he be convicted of violations of both counts which he claimed were mulitiplicitous. *Id.* (citing *Tillman*, 756 F.3d at 1149 (noting that the collateral order doctrine is inapplicable where a direct appeal is available)). The Ninth Circuit concluded that the appellant could not establish jurisdiction under the collateral order doctrine. *Id.*

Similarly, here where Credico argues that the counts in the indictment are multiplicitous, the "interest protected by the Double Jeopardy Clause in this multiple punishment context is confined to 'ensuring that the total punishment [does] not exceed that authorized by the legislature.'" *See Pollen*, 978 F.2d at 83 (citing *Jones*, 491 U.S. at 381). Credico does not claim a violation of the first two protections afforded by the Double Jeopardy Clause, and significantly, his appeal does not involve former jeopardy. *See Jones*, 491 U.S. at 380-81; *see also Abney*, 431 U.S. at 662 (holding that "pretrial

9

orders rejecting claims of former jeopardy . . . satisfy the jurisdictional prerequisites of §

1291"). Rather, his appeal alleges a violation of the third protection afforded by the

Clause – multiple punishments for the same offense imposed in a single proceeding. *See*

*Jones*, 491 U.S. at 380-81.

Even assuming, without deciding, that Credico's double jeopardy claim is

colorable and that the first two prongs of the *Cohen* test are satisfied, his appeal does not

satisfy the third prong of the *Cohen* test since his claim can be effectively reviewed on

appeal from a final judgment. *See Decinces*, 808 F.3d at 793; *see, e.g., Jones*, 491 U.S. at

381-82 (where remedy following the convictions and sentences "fully vindicated [the

defendant's] double jeopardy rights"). Moreover, he does not show a likelihood that if

review of his multiplicity claim had to await final judgment, his right against double

jeopardy would be lost irreparably. We therefore lack jurisdiction over this interlocutory

appeal, and the appeal is dismissed.


### 3. CONCLUSION

For the foregoing reasons, this appeal does not qualify as an exception to the final

judgment rule. Accordingly, we dismiss for lack of jurisdiction. In holding that this

appeal is barred by 28 U.S.C. § 1291, we express no opinion as to the merits.

10