**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>DOUGLAS V. DECINCES,<br>*Defendant-Appellee*,<br><br>DAVID PARKER; F. SCOTT JACKSON;<br>ROGER WITTENBACH; JAMES<br>MAZZO,<br>*Defendants.* | No. 15-50033<br><br>D.C. No.<br>8:12-cr-00269-<br>AG-1 |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>JAMES V. MAZZO,<br>*Defendant-Appellant.* | No. 15-50058<br><br>D.C. No.<br>8:12-cr-00269-<br>AG-5<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted
September 1, 2015—Pasadena, California

Filed December 22, 2015

Before: Susan P. Graber, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Rawlinson;
Concurrence by Judge Watford

## SUMMARY[*]

### Criminal Law

The panel reversed the district court's pretrial order granting *motions in limine*, and dismissed a cross-appeal for lack of jurisdiction, in a case in which Douglas DeCinces, James Mazzo, and others are charged with insider-trading offenses.

The panel held that it has jurisdiction pursuant to 18 U.S.C. § 3731 to entertain the government's interlocutory appeal of the district court's order granting DeCinces's and Mazzo's motions *in limine*. The panel explained that the fact that the district court's order was not final under 28 U.S.C. § 1291 does not bar the appeal under § 3731, and that because the district court granted the motions, it is immaterial that the district court described its ruling as tentative. The panel held

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that although the excluded evidence was "other acts" evidence within the meaning of Fed. R. Evid. 404(b), it was admissible thereunder to show intent, plan, knowledge, or lack of mistake; and that taken as a whole, it was not categorically inadmissible under Fed. R. Evid. 403.

The panel dismissed for lack of jurisdiction Mazzo's interlocutory cross-appeal challenging the district court's order denying his motion to dismiss the portion of the indictment alleging securities fraud in violation of 18 U.S.C. § 1348.  The panel held that it has no pendent appellate jurisdiction because the evidentiary issues raised by the government's appeal are largely distinct from those concerning the scope and application of § 1348 raised in Mazzo's appeal.  The panel held that it lacks jurisdiction under the collateral order doctrine because the issue he raises – whether multiplicitous punishment would be allowed for § 1348 and Rule 10b-5 charges that, regardless of his double jeopardy claim, may be tried – is reviewable on appeal from a final judgment.

Concurring, Judge Watford agreed that the panel lacks jurisdiction over Mazzo's cross-appeal under the collateral order doctrine.  He wrote that Mazzo has no colorable claim under the Double Jeopardy Clause, which just precludes the court from entering convictions on both the Rule 10b-5 and § 1348 counts in the event he is convicted of both at trial, and that hasn't happened yet.

**COUNSEL**

Eileen M. Decker, United States Attorney, Robert E. Dugdale, Assistant United States Attorney, Chief, Criminal Division, Stephen A. Cazares (argued), Assistant United States Attorney, Deputy Chief, Major Frauds Section, Mark R. Yohalem (argued), Lawrence E. Kole, Jennifer L. Waier, and Ivy A. Wang, Assistant United States Attorneys, Los Angeles, California, for Plaintiff-Appellant/Plaintiff-Appellee.

Richard Marmaro, Douglas A. Smith, Skadden, Arps, Slate Meagher & Flom LLP, Los Angeles, California; Clifford M. Sloan (argued), Michael A. McIntosh, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C., for Defendant-Appellee/Defendant-Appellant James Mazzo.

Kenneth B. Julian (argued), Arunabha Bhoumik, Andrea Ruth Bird, and Garrett Mott, Manatt, Phelps, & Phillips, LLP, Costa Mesa, California, for Defendant-Appellee Douglas DeCinces.

**OPINION**

RAWLINSON, Circuit Judge:

This case presents two appeals, one from the government and one from Defendant-Appellant James Mazzo (Mazzo). In Appeal No. 15-50033, the government appeals the district court's pretrial order granting *motions in limine* to exclude certain pieces of evidence in a case in which Douglas DeCinces (DeCinces), Mazzo, and others are charged with

insider-trading offenses relating to the stock of Advanced Medical Optics, Inc.

Appeal No. 15-50058 is Mazzo's cross-appeal challenging the district court's order denying his motion to dismiss a securities fraud charge under 18 U.S.C. § 1348 for failing to state an offense and for violating the Double Jeopardy Clause. We conclude that we have jurisdiction over the government's interlocutory appeal, and we reverse the district court's ruling on the *motions in limine*. We conclude that we lack jurisdiction over Mazzo's cross-appeal, which we dismiss.

## I. BACKGROUND

The government's original indictment charged DeCinces, F. Scott Jackson (Jackson), and other defendants, not including Mazzo, with insider trading and money laundering. The grand jury also returned a First Superseding Indictment and a Second Superseding Indictment which became the operative charging document, and added Mazzo as a defendant.

The Second Superseding Indictment alleged that Mazzo and DeCinces participated in a scheme to defraud Mazzo's company, Advanced Medical Optics, Inc. (EYE),[1] and its shareholders. *See id*. According to the Second Superseding Indictment, as President, Chief Executive Officer, and Chairman of the Board of Directors of EYE, Mazzo had access to material, nonpublic information about EYE's forthcoming merger and acquisition activities, which he

---

[1] "EYE" was the New York Stock Exchange ticker symbol for Advanced Medical Optics, Inc.

shared with DeCinces in violation of a duty of trust and confidence to EYE and for a personal benefit.

The Second Superseding Indictment alleged that, in December, 2006, based on one or more tips from Mazzo that EYE was preparing to acquire IntraLase, DeCinces sold all of his shares in EYE and purchased stock in IntraLase. After the public announcement of the acquisition, DeCinces sold his IntraLase stock, profiting approximately $33,000.

The government intimates, although it did not charge in the indictment, that Mazzo also tipped DeCinces in the summer of 2007 about EYE's attempt to acquire Bausch and Lomb. The government alleges that DeCinces sold $250,000 of EYE stock and purchased Bausch and Lomb stock mere hours before EYE publicly announced that it had submitted a proposal to buy Bausch and Lomb.

The Second Superseding Indictment also alleged that, in late 2008 and early 2009, Mazzo tipped DeCinces that EYE would be acquired by Abbot Laboratories, and that DeCinces thereafter liquidated his diversified stock portfolio, invested the proceeds in EYE stock, and shared nonpublic information about the impending acquisition with several other people, urging them to purchase EYE stock. After the Abbott acquisition, DeCinces sold his shares of EYE stock, realizing a profit of approximately $1.3 million.

DeCinces moved to strike the IntraLase allegations from the Second Superseding Indictment as prejudicial surplusage and as time-barred. The district court denied the motion, ruling that "the [2006 and 2007 IntraLase] allegations can show a common scheme, lack of mistake, or intent to defraud in the alleged 2008 and 2009 actions when viewing the

contested allegations collectively and comparing them to the 2008 and 2009 actions." The court further ruled that "[p]art of a section 1348 prosecution includes proving a scheme to defraud and knowing intent by the defendant to do the same. Among other things, the contested factual allegations appear to directly mirror meetings and trades that took place in 2008 and 2009 and provide context for making this comparison." Accordingly, the district court held that "Decinces has not shown the contested allegations are 'irrelevant or immaterial to the charges.'"

Mazzo and DeCinces subsequently filed *motions in limine* to exclude evidence involving the IntraLase and Bausch and Lomb transactions as inadmissible "other acts" evidence under Rule 404(b) of the Federal Rules of Evidence, and as evidence that should be excluded under Rule 403. Specifically, DeCinces and Mazzo asserted that admission of the evidence would unduly consume time and require additional mini-trials.

At a hearing on the *motions in limine* the court gave its tentative ruling, granting the *motions in limine* to exclude evidence regarding the IntraLase and Bausch and Lomb transactions. The court provided no explanation of the ruling. The minute order memorializing the ruling stated only: "GRANTS the motion [to exclude propensity/other act evidence] without prejudice to asking the Court outside the presence of the jury to consider permitting the introduction of the evidence."

The government filed a timely notice of appeal, challenging the district court's grant of the *motions in limine*. Mazzo filed a timely cross-appeal.

## II.  STANDARDS OF REVIEW

We have jurisdiction to determine our jurisdiction.  *See Allen v. Meyer*, 755 F.3d 866, 867 (9th Cir. 2014).  We review this question *de novo*.  *See United States v. W.R. Grace*, 526 F.3d 499, 505 (9th Cir. 2008) (en banc).  We review a district court's exclusion of evidence for abuse of discretion.  *See Servs. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1050 (9th Cir. 2013), *as amended*.  A district court abuses its discretion when it makes an error of law or acts arbitrarily.  *See United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc); *see also Tapley v. Locals 302 & 612 of Int'l Union of Operating Engineers-Employers Const. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013).

## III.    DISCUSSION

**Appeal No. 15-50033-Government's Interlocutory Appeal of the District Court's Order Granting DeCinces' and Mazzo's *Motions in Limine***

   A.  *We have jurisdiction pursuant to 18 U.S.C. § 3731 to entertain the government's interlocutory appeal.*

Title 18 U.S.C. § 3731 provides, in pertinent part:

   *In a criminal case* . . . [a]n appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence . . . not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United

States attorney certifies[2] to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. . . .

(Emphasis Added). DeCinces and Mazzo argue that the district court's rulings were tentative and nonfinal, and that we therefore lack jurisdiction to consider the government's appeal. We disagree.

First, DeCinces argues that the district court's evidentiary ruling was not a "final decision" under 28 U.S.C. § 1291. Relying on our decision in *United States v. Dior*, 671 F.2d 351 (9th Cir. 1982), he contends that 18 U.S.C. § 3731 permits the government "to appeal only those orders that are final decisions under" § 1291. *Id*. at 355 (footnote reference omitted). Although *Dior* appears to have concluded that § 3731 did not replace the finality requirement of § 1291, we have since explicitly recognized, in an en banc decision, the government's "right to an interlocutory appeal from a district court's evidentiary rulings." *W.R. Grace*, 526 F.3d at 505; *see also United States v. Chaudhry*, 630 F.3d 875, 878 (9th Cir. 2011). ("[D]espite 28 U.S.C. § 1291's finality requirement, Section 3731 can, and does, make it lawful for the government to take certain appeals even though there is no final judgment. . . .") (citations omitted).

Because evidentiary rulings are by their very nature nonfinal, *see Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008), *as amended*, our recognition in *W.R. Grace*, 526 F.3d at 505, of the

---

[2] There is no contention that there was a defect in the certification provided by the United States Attorney.

government's right to appeal a nonfinal evidentiary ruling was a *sub silentio* reversal of the language in *Dior* engrafting a finality requirement onto § 3731. *See Herzog v. United States*, 226 F.2d 561, 567-68 (9th Cir. 1955) (concluding that a *sub silentio* reversal has occurred when two cases "cannot both be right"). The fact that the district court's order was not final under § 1291 does not bar the government's interlocutory appeal under § 3731.

Second, Mazzo argues that the district court's order granting the *motions in limine* was insufficiently final even within the scope of § 3731 because the district court described its ruling as tentative and made clear that the order was "without prejudice to asking the Court . . . to consider permitting the introduction of the evidence" at trial. Because the district court *granted* the *motions in limine*, however, its order was a pretrial "order of a district court suppressing or excluding evidence" and therefore is described by the plain text of § 3731. The fact that the district court described its ruling as tentative is immaterial, as pretrial evidentiary rulings are generally tentative, in the sense that they are subject to reconsideration at trial. Indeed, we have expressly recognized that a pretrial order excluding evidence is subject to appeal under § 3731 "even though the exclusion of evidence in conditional." *United States v. Hoffman*, 794 F.2d 1429, 1431 n.2 (9th Cir. 1986).

In sum, we have jurisdiction to decide the government's interlocutory appeal.

*B. The district court abused its discretion when it granted the motions in limine excluding the IntraLase and Bausch and Lomb evidence.*

As an initial matter, we note that the district court did not elucidate from the bench or in its subsequent order the reasoning behind its grant of the *motions in limine*.[3] In particular, the district court did not indicate whether it was excluding the evidence under Rule 403, Rule 404, or both. We conclude that, although this evidence was "other acts" evidence within the meaning of Rule 404(b), it was admissible under Rule 404(b) to show intent, plan, knowledge, or lack of mistake. We also conclude that, taken as a whole, the evidence was not categorically inadmissible under Rule 403.

We consider first whether the evidence should have been excluded under Rule 404. That rule provides in pertinent part:

> 1) **Prohibited Uses**. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on

---

[3] After the government filed this appeal, the district court provided additional reasons for its ruling. The court may have lacked jurisdiction to do so, *see United States v. Valenzuela-Arisqueta*, 724 F.3d 1290, 1293 n.3 (9th Cir. 2013) (holding that the district court lacked jurisdiction to proceed to trial while an interlocutory appeal was pending), but that is a question that we need not decide. Even if we consider the district court's later explanations, the court erred to the extent that it excluded the evidence on Rule 403 grounds. As discussed below in text, the evidence has strong probative value, and the court did not identify any countervailing consideration sufficient to substantially outweigh its probative value.

a particular occasion the person acted in accordance with the character.

2) **Permitted Uses** . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

Fed. R. Evid. 404(b).

At a minimum, evidence of the IntraLase and Bausch and Lomb transactions was admissible to prove intent, plan, knowledge or absence of mistake. *See United States v. Ramos-Atondo*, 732 F.3d 1113, 1122–24 (9th Cir. 2013). It appears that the district court at one point recognized the relevance of this very evidence. When DeCinces moved to strike the IntraLase allegations from the indictment, the district court denied the motion on the basis that the IntraLase allegations could "show a common scheme, lack of mistake, or intent to defraud."

The excluded evidence reflects DeCinces' investment history and pattern of trading, prompting DeCinces' securities broker to remark that DeCinces exhibited uncanny timing in buying stocks of companies being acquired and selling stocks of companies doing the acquiring. The securities broker "added that in his 20 years of experience he never had a client buy a large position in a company that was acquired soon thereafter and he felt that Mr. DeCinces may have acted with the benefit of material inside information. . . ."

The excluded evidence satisfies the other predicates for admissibility delineated in *United States v. Bailey*, 696 F.3d

794, 799 (9th Cir. 2012). In that case, we concluded that other act evidence is admissible if:

> (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.

*Id.* (citation omitted).

The IntraLase and Bausch and Lomb evidence is material. As the district court recognized, this evidence tends to prove a common scheme and a lack of mistake or coincidence.

Second, these prior acts were not too remote in time. The indictment spans a two-and-a-half year time frame from October, 2006 to January, 2009. The IntraLase transactions occurred from December, 2006 to February, 2007, and the Bausch and Lomb transactions were in July, 2007, both within the timespan covered by the indictment. *See United States v. Lozano*, 623 F.3d 1055, 1059-60 (9th Cir. 2010) (per curiam) (concluding that three years was not too remote).

Third, the IntraLase and Bausch and Lomb evidence is sufficient to support a determination that Mazzo and DeCinces engaged in insider trading, given Mazzo's access to insider information and the temporal and tipper/tippee/company connections. *See, e.g.*, *United States v. Salman*, 792 F.3d 1087, 1092 (9th Cir. 2015) (sustaining a conviction for insider trading where the tipper and tippee both benefitted from disclosure of insider information).

Finally, these acts not only are similar, but are essentially the same as the charged conduct. Having met these predicates, the IntraLase and Bausch and Lomb evidence was relevant and admissible under Rule 404(b). To the extent the district court concluded otherwise, it abused its discretion. *See Tapley*, 728 F.3d at 1139.

Nor was the evidence properly excluded under Rule 403. *See United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003). Because the district court conducted no balancing under Rule 403, we review the exclusion of evidence *de novo*. *See United States v. Moran*, 493 F.3d 1002, 1012 (9th Cir. 2007), *as amended*. The evidence is highly probative. As discussed above, the evidence tends to support the government's allegations about the defendants' intent, plan, knowledge, or lack of mistake. In particular, the evidence tends to support the government's allegations that DeCinces' and the other trading defendants' purchases of EYE stock were the product of a scheme to trade on nonpublic information obtained from EYE, not mere good luck. The evidence is also relevant to showing the defendants' respective roles in the alleged scheme. Although the admission of the evidence may harm the defendants' case, that is not reason to exclude it under Rule 403, which refers only to *unfair* prejudice. *See United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988). Similarly, the admission of any evidence will necessarily lengthen the trial, but we cannot conclude that it would result in "*undue* delay" or "*wasting* time," in light of the significant probative value of this evidence. Fed. R. Evid. 403 (emphases added).

We conclude that, taken as a whole, the IntraLase and Bausch and Lomb evidence is admissible under Rule 403. We therefore reverse the district court's order granting the

defendants' motions to exclude this evidence. The district court may impose appropriate limits on the government's presentation of this evidence, should developments at trial warrant doing so.

**Appeal No. 15-50058-Mazzo's Interlocutory Appeal of the District Court's Denial of His Motion to Dismiss the Indictment.**

> A.  *We lack pendent appellate jurisdiction over Mazzo's interlocutory appeal.*

Mazzo seeks to challenge the district court's order denying his motion to dismiss the portion of the indictment alleging securities fraud in violation of 18 U.S.C. § 1348. Mazzo first argues that we have pendent appellate jurisdiction over this appeal.

We have determined that pendent appellate jurisdiction is the

> exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but may be reviewed on interlocutory appeal if raised in conjunction with other issues properly before the court and if the rulings were inextricably intertwined or if review of the pendent issue was necessary to ensure meaningful review of the independently reviewable issue. . . .

*United States v. Tillman*, 756 F.3d 1144, 1149 (9th Cir. 2014) (citation, alteration, and internal quotation marks omitted).

Because Mazzo's appeal of the denial of the motion to dismiss is not "inextricably intertwined" with the government's interlocutory appeal as envisioned in *Tillman*, we have no pendent jurisdiction over this issue.**[4]**   *Id*. Exercising pendent appellate jurisdiction is a rare event. *See id*.

We have emphasized that what issues qualify as inextricably intertwined should be interpreted "very narrowly." *Id*. Indeed, issues resting upon "common facts" do not necessarily qualify for pendent appellate jurisdiction. *Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000), *as amended* (citation omitted). Rather, the issues must rely on legal theories that are "so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal," or "resolution of the issue properly raised on interlocutory appeal [must] necessarily resolve[] the pendent issue." *Id*. (citations omitted). Neither circumstance is presented in this case, as the evidentiary issues raised by the government's appeal are largely distinct from those concerning the scope and application of 18 U.S.C. § 1348 raised in Mazzo's appeal. The common facts between Mazzo's appeal and the government's interlocutory appeal, without more, do not confer pendent appellate jurisdiction. *See id*.

---

**[4]** Because we held that Mazzo's claims do not meet the requirements for pendent appellate jurisdiction, we need not decide whether pendent jurisdiction applies in the criminal context. *Cf. United States v. Garner*, 632 F.2d 758, 763 n.2 (9th Cir. 1980) (interpreting *Abney v. United States*, 431 U.S. 651 (1977), as precluding the exercise of pendent appellate jurisdiction over claims brought in conjunction with a double jeopardy claim appealable under the collateral order doctrine); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1167 n.10 (11th Cir. 1997) (recognizing pendent appellate jurisdiction in the criminal context).

*B. We lack jurisdiction over Mazzo's interlocutory appeal under the collateral order doctrine.*

Second, Mazzo argues that we have jurisdiction under the collateral order doctrine, which permits appellate review of a "small class" of cases that "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). As we have explained, the collateral order doctrine applies only if: 1) the collateral order conclusively resolved the disputed question; 2) review will resolve an important issue that is completely separate from the merits of the action; and 3) the issue will essentially be unreviewable on appeal from a final judgment. *See Tillman*, 756 F.3d at 1149.

Mazzo contends that he has asserted a "colorable" double jeopardy claim, which renders this matter immediately reviewable under the collateral order doctrine. *United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004). Mazzo's double jeopardy claim is premised on the theory that inclusion in the indictment of a charge under 18 U.S.C. § 1348 violated the Double Jeopardy Clause of the Fifth Amendment. Mazzo argues, in particular, that charging him with insider trading under both Rule 10b-5 (17 C.F.R § 240.10b-5), and § 1348 was multiplicitous.

We assume, for purposes of decision, that Mazzo's double jeopardy claim is colorable and that the first two prongs of the collateral order doctrine are satisfied; nevertheless, his claim flounders on the third prong—reviewability following judgment. *See Tillman*, 756 F.3d at 1149 (noting that the

collateral order doctrine is inapplicable where a direct appeal is available).  Mazzo has not disputed his entitlement to a direct appeal should he be convicted of violations of both § 1348 and Rule 10b-5.  *See id*.  He argues, rather, that a direct appeal is insufficient because the Double Jeopardy Clause protects him against the trial itself.  But that principle does not apply when, as here, the issue is whether multiplicitous *punishment* would be allowed for charges that—regardless of the double jeopardy claim—may be tried. *See United States v. Schales*, 546 F.3d 965, 978 (9th Cir. 2008) ("The Double Jeopardy Clause does not, of course, prohibit the government from prosecuting a defendant for multiple offenses in a single prosecution.") (citing *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)).  For these reasons, Mazzo cannot establish jurisdiction under the collateral order doctrine.

Because we have neither pendent appellate jurisdiction nor collateral order jurisdiction, we must dismiss Mazzo's cross-appeal.  *See In re Application for Exemption from Elec. Pub. Access Fees*, 728 F.3d 1033, 1041 (9th Cir. 2013).

## IV.    CONCLUSION

Title 18 U.S.C. § 3731 is the precise mechanism through which appellate jurisdiction is conferred in a criminal case when the government seeks review of a pretrial ruling.  The district court's order granting the *motions in limine* was sufficiently final as to be appealable under § 3731.  Given that we have jurisdiction to entertain the government's appeal, we hold that the district court abused its discretion by granting the *motions in limine* filed pursuant to Rule 404, and by excluding evidence of insider trading involving IntraLase and Bausch and Lomb.

We lack jurisdiction over Mazzo's cross-appeal. There is neither pendent appellate jurisdiction nor jurisdiction under the collateral order doctrine. Consequently, Mazzo's appeal must be dismissed.

**No. 15-50033-The district court's grant of the defendants' *motions in limine* is REVERSED.**

**No. 15-50058-Mazzo's appeal from the district court's order denying his motion to dismiss is DISMISSED for lack of jurisdiction.**

WATFORD, Circuit Judge, concurring:

I agree that we lack jurisdiction over Mazzo's cross-appeal under the collateral order doctrine. Mazzo may invoke the doctrine only if he has a "colorable" claim under the Double Jeopardy Clause. *United States v. Alvarez-Moreno*, 657 F.3d 896, 899 (9th Cir. 2011). He has no such claim—at least not right now. He contends only that the Rule 10b-5 and 18 U.S.C. § 1348 counts are multiplicitous. Even if true (something we need not decide), the Double Jeopardy Clause doesn't prevent the government from trying him on both charges in the same proceeding; it just precludes the court from entering convictions on both counts, in the event he is convicted of both at trial. *See Ball v. United States*, 470 U.S. 856, 860 & n.7 (1985); *Ohio v. Johnson*, 467 U.S. 493, 500 (1984). Since that hasn't happened yet, by definition he has no double jeopardy claim—colorable or otherwise.