**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 04 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10039 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00487-RMW-1 |
| v. | |
| ALBERT KE-JENG HU, AKA Ke-Heng Hu, AKA Ke-Jeng Hu, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10474 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00487-RMW-1 |
| v. | |
| ALBERT KE-JENG HU, AKA Ke-Heng Hu, AKA Ke-Jeng Hu, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted January 4, 2016
San Francisco, California

Before: WALLACE and O'SCANNLAIN, Circuit Judges and HUFF,[**] District Judge.

Albert Ke-Jeng Hu appeals from his jury conviction and sentence on seven counts of wire fraud, in violation of 18 U.S.C. § 1343. He also appeals from the district court's imposition of restitution. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.** The district court properly admitted the foreign investor's testimony. The testimony was inextricably intertwined with the charged offenses because it involved the same hedge funds, the same representations, and events that occurred during the same time period. "The policies underlying rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (internal quotation marks omitted).

The evidence was also admissible because it was relevant to show intent, absence of mistake, or common plan at the time of the charged offenses.

---

[**] The Honorable Marilyn L. Huff, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

*See* Fed. R. Evid. 404(b)(2). The government articulated those purposes in its motion *in limine*, and those issues were material "simply because the government had to prove [them]." *United States v. Flores-Blanco*, 623 F.3d 912, 919 n.4 (9th Cir. 2010) (internal quotation marks omitted). The other acts were similar to the charged offenses and not too remote in time, and the evidence was sufficient to support a finding that Hu committed them. *See United States v. DeCinces*, 808 F.3d 785, 791 (9th Cir. 2015). The district court's admission of the testimony over Hu's objections reflects that it performed the balancing required by Rule 403. *See United States v. Lillard*, 354 F.3d 850, 855 (9th Cir. 2003). Additionally, the limiting instruction minimized any prejudice. *See Flores-Blanco*, 623 F.3d at 920.

**2.** The case agent's opinion testimony is not a basis for reversal. The agent's testimony was simple lay testimony based on his tracing of the funds. The district court did not plainly err by failing to *sua sponte* convert Hu's objection to an objection under Federal Rule of Evidence 701. In any event, any error was harmless because Hu's counsel exposed the weaknesses of the agent's testimony on cross-examination, and the other evidence against Hu was substantial.

**3.** The materiality instruction is also not a basis for reversal. The materiality standard from *Neder v. United States*, 527 U.S. 1 (1999), is an objective

standard that focuses on "the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end." *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (internal quotation marks omitted). The district court did not misinstruct the jury or abuse its discretion by formulating the instruction as it did.

**4.** The district court correctly applied the abuse-of-trust enhancement under § 3B1.3 of the U.S. Sentencing Guidelines. Based on Hu's false representations, his victims entrusted him with substantial discretion, which significantly facilitated his commission of the offense. *See* U.S.S.G. § 3B1.3 & cmts. 1 & 3; *United States v. Laurienti*, 731 F.3d 967, 973–74 (9th Cir. 2013). "The position need not be that of a fiduciary." *United States v. Thornton*, 511 F.3d 1221, 1227 (9th Cir. 2008).

**AFFIRMED.**

13-10039