**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50563 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00938-JM |
| v. | |
| WILLIAM JOHN GREEN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

William John Green appeals pro se from the district court's orders denying

his motion for an extension of time to file a 28 U.S.C. § 2255 motion, his motion

for reconsideration, and his request for copies.  We dismiss.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As Green concedes, his appeal from the denial of his request for copies is moot in light of the district court's July 28, 2015, order granting his request. *See NASD Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) ("A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case.").

Because the denial of Green's motion for an extension of time to file a section 2255 motion is neither a final order nor an appealable collateral order, we lack jurisdiction to review that denial and the district court's denial of reconsideration. Generally, this court may only entertain appeals from final decisions of the district court. *See* 28 U.S.C. § 1291. The district court's orders denying Green's motions are not final decisions. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) ("[A] final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (citation and internal quotations omitted). Nor do the orders qualify for review under the collateral order doctrine. "[T]he collateral order doctrine applies only if: 1) the collateral order conclusively resolved the disputed question; 2) review will resolve an important issue that is completely separate from the merits of the action; and 3) the issue will essentially be unreviewable on appeal

14-50563

from a final judgment." *United States v. Decinces*, 808 F.3d 785, 793 (9th Cir. 2015). The orders regarding Green's motion for an extension of time do not meet the first or third prongs of this test. First, because the orders were entered before the expiration of the one-year statute of limitations for filing a section 2255 motion, they did not "conclusively resolve" the question of timeliness. Second, Green remains free to file a section 2255 motion and, if the district court dismisses it as untimely, he may appeal that determination; accordingly, the issue is not "effectively unreviewable" on direct appeal. We therefore lack jurisdiction over this appeal.

Green's motion to amend and supplement his reply brief is granted. The amendment-supplement to the reply brief, received on June 27, 2016, is deemed filed. Green's remaining motions are denied as moot.

**DISMISSED.**