FILED

NOV 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID DOMINGUEZ MENDOZA, | No. 15-16420 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-0258-DJH |
| v. | |
| CITY OF PEORIA, a municipality, by and through its Police Department, an Agency of the City of Peoria, | MEMORANDUM[*] |
| Defendant, | |
| LUIS APONTE; et al., | |
| Defendants, | |
| and | |
| AARON BREWER, Officer/husband, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 20, 2016
San Francisco, California

Before: CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY,[**] District Judge.

In February 2011, Peoria Police Canine Officer Aaron Brewer was deployed to the home of David Dominguez Mendoza to aid in the execution of a search warrant relating to a residential burglary for which Mendoza was a suspect. Mendoza hid in a shed in the backyard while officers cleared the home. In the course of discovering Mendoza and taking him into custody, Brewer ordered his police dog to bite Mendoza, resulting in severe injuries to Mendoza's left forearm. Mendoza filed this 42 U.S.C. § 1983 action against Brewer, the SWAT supervisor, and the City of Peoria. The district court denied Brewer's motion for summary judgment on qualified immunity grounds. Over two months later, Brewer filed a motion for reconsideration, which the district court denied. Brewer appeals both decisions. We dismiss in part and affirm in part.

The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

---

[**] The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

1.  Brewer's notice of appeal of the district court's ruling on summary judgment is untimely under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1100–01 (9th Cir. 2008), *adopted in pertinent part*, 621 F.3d 1162, 1167 (9th Cir. 2010) (en banc) (per curiam). Brewer's appeal of the district court's summary judgment denying qualified immunity is therefore dismissed for lack of jurisdiction.

2.  Assuming that the denial of the motion for reconsideration is independently appealable in the context of this case, *see United States v. Decinces*, 808 F.3d 785, 793 (9th Cir. 2015); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007), Brewer has failed to show he is entitled to relief.

3.  We review denial of reconsideration for an abuse of discretion. *United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015). "A district court abuses its discretion if it does not apply the correct legal standard or if it rests its decision on a clearly erroneous finding of fact." *Id.* Because the cases cited by Brewer, *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765 (2015) and *Taylor v. Barkes*, ___ U.S. ___, 135 S. Ct. 2042 (2015), merely clarify and reinforce longstanding qualified immunity jurisprudence regarding what it means for a law to be "clearly established," *see Ashcroft v. al-Kidd*, 563 U.S. 731, 742

(2011), the district court did not abuse its discretion in determining that those cases did not amount to an intervening change in law, *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**AFFIRMED.**