**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

ISMAEL TORRES,

Defendant-Appellee.

No.    17-50237

D.C. No. 2:17-cr-00067-R-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 12, 2018
Pasadena, California

Before:  IKUTA and N.R. SMITH, Circuit Judges, and McNAMEE,[**] District Judge.

1.    The district court erred in granting Torres's motion in limine, which

excluded text messages between Torres and an alleged co-conspirator; recordings

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

of meetings between an undercover agent and co-conspirators; and a recording of a meeting between Torres, an alleged co-conspirator, and an undercover agent.[1]

    A.    Sufficient circumstantial evidence exists to connect Torres to the referenced cell phone number. *See United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (requiring the government to "make a prima facie showing of authenticity"). First, the cell phone number was used in booking the flight to Hawaii for Torres. Second, the cell phone was located in both Los Angeles and Hawaii on January 24, 2017 (the date of Torres's flight). Third, the text messages establish that a known conspirator and the person using the cell phone agreed to make flight reservations from Los Angeles to Hawaii on January 23, for flights on January 24. Fourth, a text message was sent from the referenced cell phone number with a hotel reservation in Hawaii for January 24-25. Finally, Torres personally arrived in Hawaii with a known conspirator on January 24. This evidence establishes a prima facie case that Torres was the user of the referenced cell phone number.

---

[1] The district court did not provide its reasons for granting Torres's motion in limine. Thus, we are unable to determine whether the district court "identified the correct legal rule to apply to the relief requested." *United States v. Espinoza*, 880 F.3d 506, 511 (9th Cir. 2018) (citation omitted).

The text messages also qualify as statements of a party opponent. *See* Fed. R. Evid. 801(d)(2)(A), 801(d)(2)(E). There is credible proof that a conspiracy existed. *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987) (holding for a statement to qualify under Rule 801(d)(2)(E), "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy'" (quoting Fed. R. Evid. 801(d)(2)(E)). Here, the text messages, the booking of the flight, and the physical appearance in Hawaii with a known conspirator present is sufficient evidence that a jury could reasonably find a conspiracy existed under the preponderance of the evidence standard. *Huddleston v. United States*, 485 U.S. 681, 690 (1988).

Applying a de novo review,[2] under Rule 403, the messages are "highly probative" that Torres was a member of the conspiracy and engaged in acts to further the conspiracy. *See United States v. Decinces*, 808 F.3d 785, 791 (9th Cir. 2015). Even though this evidence may harm Torres's case, it is not unfairly prejudicial. *Id.*

---

[2] "[W]hen the court excludes evidence under Rule 403 but does not engage in explicit balancing, we review such a determination de novo." *United States v. Moran*, 493 F.3d 1002, 1012 (9th Cir. 2007).

B.     Because sufficient preliminary evidence supports a conclusion that a conspiracy existed, co-conspirator statements are admissible. *Bourjaily*, 483 U.S. at 175. It is not relevant that Torres was not present or may not have been a part of the conspiracy when the conversations were made. *See Sendejas v. United States*, 428 F.2d 1040, 1045 (9th Cir. 1970) ("It is well settled that a conversation between two co-conspirators which takes place out of the presence of a third co-conspirator is admissible into evidence against the third co-conspirator if at least a prima facie case of the alleged conspiracy is made."); *see also United States v. Umagat*, 998 F.2d 770, 772 (9th Cir. 1993) ("One may join a conspiracy already formed and in existence, and be bound by all that has gone before in the conspiracy, even if unknown to him." (citation omitted)). However, "statements of co-conspirators made prior to [Torres's] involvement are not admissible to show his *participation*." *United States v. Segura-Gallegos*, 41 F.3d 1266, 1272 (9th Cir. 1994). Therefore, to the extent that the Government is seeking to introduce the evidence to establish the scope of the conspiracy, the statements are admissible.[3] This evidence is not unfairly prejudicial and is highly relevant with regard to the existence, scope, and nature of the conspiracy. *See Decinces*, 808 F.3d at 791.

_____

[3] To the extent the Government is seeking to show Torres's participation in the conspiracy, more foundation must be made.

4

C.     Because sufficient preliminary evidence supports a conclusion that a conspiracy existed, statements of Torres and his alleged co-conspirator to the undercover agent are admissible and do not violate the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 51-52 (2004). The statement that Torres was his co-conspirator's "right-hand man," was not testimonial but rather a statement in furtherance of the conspiracy. *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) ("[C]o-conspirator statements are not testimonial and therefore beyond the compass of *Crawford*'s holding."); *see also Davis v. Washington*, 547 U.S. 813, 825 (2006) (explaining that "statements made unwittingly to a Government informant" "were clearly nontestimonial"). This statement is also "highly probative" to determine that Torres was a member of the conspiracy and engaged in acts to further the conspiracy, and yet the statement's admission is not unfairly prejudicial. *See Decinces*, 808 F.3d at 791.

2.     Because the district court did not explain its reasoning with regard to why it was excluding expert testimony or excluding Torres's prior drug-trafficking conviction, we therefore vacate the district court's decisions and remand for further proceedings.

3.     The Government's request for reassignment upon remand is denied. "In the absence of proof of personal bias, we remand to a new judge only under 'unusual

5

circumstances.'" *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986) (quoting *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979)). Here, the Government has not shown that the assigned district court judge has shown bias or would "have substantial difficulty in putting out of his . . . mind previously-expressed views or findings determined to be erroneous." *Id.* (quoting Arnett, 628 F.2d at 1165). This case does not present the unusual circumstances that would otherwise justify reassignment. *Id.* The government has not shown that reassignment is required to preserve the appearance of justice. *Id.*

**REVERSED IN PART; VACATED IN PART; REMANDED.**