**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA ORTIZ, individually and as co-successor-in-interest to Decedent Christian Pena; NORMA PENA, individually,<br><br>          Plaintiffs-Appellees,<br><br>  v.<br><br>CESAR VIZCARRA, individually, and in his official capacity as an officer for the City of Rialto Police Department; JORGE BRAMBILA, individually, and in his official capacity as an officer for the City of Rialto Police Department,<br><br>          Defendants-Appellants,<br><br> and<br><br>CITY OF RIALTO, Police Department; DOES, 1-10, inclusive, individually, and in their capacities as law enforcement agents and/ or personnel for the City of Rialto Police Department,<br><br>          Defendants. | No.   18-55107<br><br>D.C. No.<br>5:16-cv-01384-JGB-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted June 11, 2019
Pasadena, California

Before:  FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

City of Rialto police officers Cesar Vizcarra and Jorge Brambila appeal the district court's partial denial of their motion for summary judgment on the basis of qualified immunity.  We dismiss for lack of appellate jurisdiction.

1.  "We have jurisdiction to determine our jurisdiction." *United States v. Decinces*, 808 F.3d 785, 788 (9th Cir. 2015).  Here, the district court denied the officers' motion on the excessive force and unlawful seizure claims because it found genuine disputes of material fact as to whether the officers were entitled to qualified immunity.  In the qualified immunity context, "[a]ny decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal.'" *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013); *see also Johnson v. Jones*, 515 U.S. 304, 313 (1995). "Where there are disputed issues of material fact, our review is limited to whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012); *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1150–51 (2018) (per curiam).

On appeal, the officers rely on their version of the facts to argue that the district court erred because Monica Ortiz[1] could not prove at trial that the officers unreasonably used deadly force in violation of the Fourth Amendment. The officers' argument thus fails to present the facts in the light most favorable to Ortiz, instead merely raising a "question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam). "But this sort of 'evidence sufficiency' claim does not raise a legal question" we can review. *Id.* at 1213. Accordingly, we dismiss the officers' appeal for lack of jurisdiction, without deciding at this interlocutory stage whether the officers are entitled to qualified immunity.

2. Because the district court denied summary judgment on plaintiff's parallel state law claims based on the same disputes of material fact as the excessive force and unlawful seizure claims, we likewise lack jurisdiction to review the officers' appeal as to those claims.[2]

**DISMISSED.**

---

[1] Plaintiff Norma Peña did not appeal the district court's grant of summary judgment in favor of the officers on her sole claim and therefore no longer remains a party to this case.

[2] The dissent recites the inferences its author draws from video recordings of the incident, but unlike in *Scott v. Harris*, 550 U.S. 372, 380–81 (2007), Ortiz's version of the facts is neither "blatantly contradicted" nor "utterly discredited" by video evidence.

3

*Ortiz v. Vizcarra*, No. 18-55107

FERNANDEZ, Circuit Judge, dissenting:

I agree with the legal principles set forth by the majority. However, the video recording of the incident shows beyond peradventure[1] that in a period no longer than forty seconds an officer tried to subdue a belligerent man in close quarters while backing away from him and tasing him three times. Still, the man managed to arm himself with a knife and come even closer to the officer, whereupon the officer shot him twice in rapid succession. Given the undeniable and indisputable facts, even if there was a Fourth Amendment violation, I do not believe that this could reasonably be seen as "an obvious case in which any competent officer would have known that shooting [the man] . . . would violate the Fourth Amendment." *Kisela v. Hughes*, __ U.S. __, __, 138 S. Ct. 1148, 1153, 200 L. Ed. 2d 449 (2018) (per curiam); *see also City of Escondido v. Emmons*, __ U.S. __, __, 139 S. Ct. 500, 504, 202 L. Ed. 2d 455 (2019) (per curiam). Thus, because the officers must be entitled to qualified immunity, I respectfully dissent.

---

[1] *Scott v. Harris*, 550 U.S. 372, 378–81, 127 S. Ct. 1769, 1775–76, 167 L. Ed. 2d 686 (2007).