**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR SHANNON, as an individual and as a successor in interest to Ryan Shannon, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TIMOTHY JONES; JOSEPH REEVE, <br><br> Defendants-Appellants. | No.   18-16608 <br><br> D.C. No. 2:15-cv-00967-KJM-DB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted May 14, 2020
San Francisco, California

Before:  WALLACE and R. NELSON, Circuit Judges, and BLOCK,** District Judge.

Defendants Timothy Jones and Joseph Reeve (the Deputies) appeal from the denial of their motion for summary judgment on qualified immunity grounds. We dismiss for lack of appellate jurisdiction.

"We have jurisdiction to determine our jurisdiction." *United States v.*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

*Decinces*, 808 F.3d 785, 788 (9th Cir. 2015). Although an order denying summary judgment is not generally immediately appealable as a final decision within the meaning of 28 U.S.C. § 1291, "the Supreme Court has created an exception to the final judgment rule for certain interlocutory appeals when the district court has denied a motion for summary judgment based on qualified immunity." *Pauluk v. Savage*, 836 F.3d 1117, 1120–21 (9th Cir. 2016); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, this exception does not extend to a district court's determination that "the parties' evidence presents genuine issues of material fact," and thus, such determinations remain "categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (internal quotation marks omitted); *see also Johnson v. Jones*, 515 U.S. 304, 319 (1995) (describing a district court's decision that an issue of fact is "genuine" as an "unreviewable determination"). "Where there are disputed issues of material fact, our review is limited to whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012).

Here, the district court denied the Deputies' motion for summary judgment because it found genuine disputes of material fact as to whether the officers were entitled to qualified immunity. On appeal, the Deputies challenge the district court's determination that there were genuine disputes of material fact and argue that, under their version of the facts, the Deputies did not unreasonably use force in violation of

2

"clearly established" law.

The Deputies' appeal thus "concerns genuineness—namely the question [of] whether there is enough evidence in the record for a jury to conclude that certain facts are true." *George*, 736 F.3d at 835 (internal quotation marks omitted). However, we "may not decide at this interlocutory stage if the district court properly performed" that analysis. *Id.*; *see also Foster v. City of Indio*, 908 F.3d 1204, 1212–13 (9th Cir. 2018) (observing that we "may not reweigh the evidence to evaluate whether the district court properly determined there was a genuine issue of material fact").

Accordingly, we dismiss the Deputies' appeal for lack of jurisdiction, without deciding at this interlocutory stage whether the Deputies are entitled to qualified immunity. *See, e.g.*, *Armendariz v. Penman*, 75 F.3d 1311, 1316 (9th Cir. 1996) (en banc) (dismissing appeal for lack of jurisdiction and explaining that "we do not address issues relating to whether the pretrial record demonstrates genuine issues of material fact because such fact-based inquiries are not within the scope of an interlocutory appeal from the denial of qualified immunity"), *overruled in part on other grounds as recognized in Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 852 (9th Cir. 2007).

**DISMISSED.**[1]

---

[1] In reaching this decision, we do not consider the materials that the Deputies seek to strike, and thus we deny as moot the Deputies' pending motion to strike (ECF No. 42).