**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELINE LAWRENCE, KEITH CHILDRESS, SR., individually and as Successor in Interest to Keith Childress, Jr., deceased; CAROLINA NAVARRO, guardian ad litem on behalf of K.C.; ARACELI SAENZ, guardian ad litem on behalf of A.S.; AMBER NEUBERT, guardian ad litem on behalf of K.C.; and FREDERICK WAID, as special administrator of the Estate of Keith Childress, Jr., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> ROBERT BOHANON; BLAKE WALFORD; and JAMES LEDOGAR, <br><br> Defendants-Appellants. | No. 20-15669 <br><br> D.C. Nos. <br> 2:16-CV-03039-RFB-NJK <br> 2:18-CV-02314-RFB-CWH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Argued and Submitted May 6, 2021
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and BLOCK,[**] District Judge.

On December 31, 2015, Defendant-Officers Robert Bohanon and Blake Walford fatally shot Keith Childress, Jr. ("Childress") while attempting to arrest him. After Childress ignored verbal commands to surrender and began approaching Defendant-Officers, Bohanon shot him twice and Walford shot him three times. Childress fell to the ground, and two-to-five seconds later, Bohanon and Walford shot him two more times each. Defendant-Officer James Ledogar then deployed a police dog, which bit Childress as he lay bleeding on the ground. Bohanon, Walford, and Ledogar (together, "the Officers") now appeal the denial of their motion for summary judgment, on qualified immunity grounds, on Plaintiffs' excessive force claim.[1] We dismiss for lack of appellate jurisdiction.

"We have jurisdiction to determine our jurisdiction." *United States v. Decinces*, 808 F.3d 785, 788 (9th Cir. 2015). Although an order denying summary judgment is generally not appealable, "the Supreme Court has created an exception to the final judgment rule for certain interlocutory appeals when the district court has denied a motion for summary judgment based on qualified immunity." *Pauluk*

---

[**] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

[1] The Officers have abandoned their state law immunity claims. We therefore do not consider them on appeal.

*v. Savage*, 836 F.3d 1117, 1120–21 (9th Cir. 2016). However, that exception does not extend to a district court's determination that "the parties' evidence presents genuine issues of material fact." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009)).

Here, the district court denied the Officers' motion for summary judgment because it found disputed issues of material fact. Specifically, it held that there is a dispute as to whether "Childress was moving or had access to his pocket after being shot" during the first volley and concluded that, under Plaintiffs' version of the facts, the Officers "continued to shoot at Childress" and deployed a K9 on him "despite his clear incapacitation." *Lawrence v. Las Vegas Metro. Police Dep't*, 451 F. Supp. 3d 1154, 1165, 1170-71 (D. Nev. 2020). The Officers implicitly reject this understanding of the record, arguing that they are entitled to immunity because Childress was not incapacitated but, to the contrary, "immediately attempted to stand back up" after the Officers' first volley struck him.

Thus, the Officers' arguments on appeal "[boil] down to factual disputes about the record." *Est. of Anderson v. Marsh*, 985 F.3d 726, 732 (9th Cir. 2021). Such arguments are outside the limited scope of our jurisdiction. *Id.* at 734 (holding, on interlocutory appeal, that the court was without jurisdiction to review the district court's determination "that there is a genuine factual dispute as to whether [the plaintiff] made a sudden movement").

3

The Officers contend, however, that we may reach the merits because the video evidence "blatantly contradict[s]" and "discredit[s]" what the district court held was the version of the facts most favorable to Plaintiffs. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But the video does not do so. A jury viewing it could conclude, as Plaintiffs do, that if Childress moved at all after the first volley, his movements were an involuntary response to being shot. A jury could also find that Childress was "clearly incapacitated" when Bohanon and Walford began their second volley and when Ledogar released his dog. *Scott* is therefore inapposite.

**DISMISSED.**